## EDWIN LAUFER v. LANDIS, FRAY & CLARK.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 12, 1889—Decided March 25, 1889.

[To be reported.]

1. Section 3, act of May 25, 1887, P. L. 271, providing that a plaintiff's declaration shall consist of a concise statement of the plaintiff's demand, as provided by § 5, act of March 21, 1806, 4 Sm. L. 328, does not exclude from its operation cases concurrently cognizable before a justice of the peace.
2. Wherefore, in an action in the Court of Common Pleas for an amount within the jurisdiction of a justice of the peace under the act of July 7, 1879, P. L. 194, if the plaintiff have filed a sufficient statement he is entitled to judgment in default of an affidavit of defence.

Statement of Facts.

Before Sterrett, Clark, Williams, McCollum and Mitchell, JJ.

No. 30 January Term 1889, Sup. Ct.; court below, No. 35 August Term 1889, C. P.

On July 25, 1888, a summons was issued in an action of assumpsit wherein Landis, Fray & Clark were plaintiffs, and Edwin Laufer, defendant, and on the same day a statement of claim was filed, verified by affidavit, averring that the action was brought to recover the sum of $102.37, due upon a book account for merchandise sold and delivered, a true copy of which account taken from plaintiffs' books of original entry was attached and made part of the statement. The summons was returnable to the second Monday of August, which was August 13th.

On August 6, 1888, the defendant filed a demurrer to the statement of claim, assigning as ground thereof that the act of May 25, 1887, P. L. 271, enacting that the plaintiff's declaration ,in assumpsit "shall consist of a concise statement of plaintiff's demand, as provided by the fifth section of the act of twenty-first day of March, Anno Domini one thousand eight hundred and six," had reference to actions in the Courts of Common Pleas, and not to actions within the jurisdiction of a justice of the peace.

On August 13, 1888, the court Schuyler, P. J., overruled the demurrer and directed judgment to be entered for the plaintiffs. Judgment was entered the same day.

A fieri facias having issued, on August 27, 1888, on motion of defendant's attorney the judgment was opened because prematurely entered on return day, and it was ordered that defendant file an affidavit of defence on or before "Monday next," or judgment; notice at bar. On September 3d, no affidavit of defence having been filed, on motion of plaintiffs' attorney judgment was entered for want of an affidavit of defence, and the sum due liquidated at $106.09. Thereupon the defendant took this writ, assigning as error the order of the court overruling the demurrer, and the order entering judgment for want of an affidavit of defence.

*Mr. James Mahon,* for the plaintiff in error.

No one appeared for the defendants in error.

OPINION, MR. JUSTICE STERRETT:

It is a mistake to suppose that the provision of the act of May 25, 1887, P. L. 271, declaring that the "plaintiff's declaration," etc., "shall consist of a concise statement of the plaintiff's demand, as provided by the fifth section of the act of the twenty-first day of March, Anno Domini one thousand eight hundred and six," has the effect of excluding from the operation of the former act cases cognizable before a justice of the peace. The reference to the act of 1806, above quoted, was for the purpose of designating the kind of statement contemplated by the act of 1887, and not for the purpose of reading into the latter all the provisions and restrictions of the former act.

As to both kind and amount, the claim in this case was originally cognizable either before a justice of the peace or in the Court of Common Pleas, at the election of the plaintiffs: Act of July 7, 1879, P. L. 194. The declaration or statement of claim is quite sufficient in form as well as in substance to meet the requirements of the act of 1887. It follows, therefore, that there was no error in overruling defendant's demurrer and entering judgment against him for want of an affidavit of defence.

Judgment affirmed.