## Liquid Measure Company v. Rush.

*Justice of the peace—Affidavit of defence—Judgment by default—Act of July 7, 1879.*

In an action within the jurisdiction of a justice of the peace, under the Act of July 7, 1879, P. L. 194, if the plaintiff has filed a sufficient affidavit of claim, he is entitled to judgment in default of an affidavit of defence.

*Certiorari.* C. P. Fayette Co., June T., 1921, No. 52.

*F. E. Younkin,* for plaintiff; *C. W. Rush,* for defendant.

Van Swearingen, P. J., Nov. 27, 1923.—This action was instituted before a justice of the peace under the Act of July 7, 1879, P. L. 194, and is now before the court on *certiorari.* An affidavit of claim, of which there is no complaint, was filed and served on defendant along with the summons, but no affidavit of defence ever was filed as required by the act cited. Three continuances were granted, and finally judgment for $173.28 was entered by the justice of the peace in favor of the plaintiff and against the defendant "for want of an affidavit of defence." The principal allegation upon which the *certiorari* is based is that the record does not show that any evidence was given in support of plaintiff's claim. In our opinion, the decision of the justice of the peace is entitled to stand. The record does not show satisfactorily that any evidence, other than the affidavit of claim, was offered on plaintiff's behalf. But it was not necessary that any further evidence be offered, inasmuch as no affidavit of defence was filed. In an action within the jurisdiction of a justice of the peace, under the act cited, if the plaintiff have filed a sufficient statement, he is entitled to judgment in default of an affidavit of defence: Laufer v. Landis, 125 Pa. 104. The provisions of the act cited must be strictly complied with: Western Electric Co. v. Goldstein, 23 Dist. R. 725.

And now, Nov. 27, 1923, for the reasons stated in the opinion herewith filed, the writ of *certiorari* is discharged.

From Luke H. Frasher, Uniontown, Pa.